NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN ALONZO GIRON-CASTRO, AKA Cristian Giron-Castro, AKA Cristian Jiran-Castro, | No. 14-73183 |
| Petitioner, | Agency No. A205-596-281 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Christian Alonzo Giron-Castro, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.

We lack jurisdiction to consider Giron-Castro's contentions regarding political opinion and asylum because he did not raise them before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We reject Giron-Castro's challenge to the BIA's streamlining procedures because the BIA's final order was not a streamlined decision.

Substantial evidence supports the agency's conclusion that Giron-Castro failed to establish that he would be persecuted on account of a protected ground. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006) (reviewing for substantial evidence); *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate social group membership, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Giron-Castro's withholding claim fails.

Substantial evidence supports the agency's denial of CAT protection because Giron-Castro failed to show he will more likely than not be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION DISMISSED in part and DENIED in part.**